UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES M. MASON,

    Petitioner,

vs.                          Case No. 3:12-cv-151-J-12TEM

SEC'Y, FLA. DEP'T
OF CORR., et al.,

    Respondents.

## ORDER

Petitioner is an inmate incarcerated at Florida State Prison (hereinafter FSP) who initiated this case by filing a Petition (Doc. #1) for writ of habeas corpus, in which he challenges an October 29, 2009 state court (Duval County) conviction. This cause is before the Court on Petitioner's Motion for Preliminary Injunction (Doc. #15). Petitioner alleges that in October of 2102, he submitted a written statement regarding sexual harassment committed by Sergeant Rebecca Foster at FSP. He claims that he thereafter requested to be placed into protective custody because he was "in fear of [his] safety and well being in population[.]" Petitioner's Motion for Preliminary Injunction (Doc. #15) at 1. This request was denied. Petitioner also complains that he has been denied adequate access to the courts. He seeks a preliminary injunction requiring that he be placed in protective custody and be given "adequate access to the courts by supplying legal books in confinement." Id. at 3.

As an initial matter, Petitioner has failed to comply with the strictures of Fed. R. Civ. P. 65(a) and Local Rule 4.06(b). He has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not submit a proposed form of a preliminary injunction prepared in accordance with the requirements contained in Fed. R. Civ. P 65(d). Thus, his request for injunctive relief is due to be denied.

However, even assuming *arguendo* that Petitioner properly filed his motion for injunctive relief, the motion must be denied.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Here, Petitioner has failed to meet his burden of establishing that he has a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable

injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the opposing parties, and that the injunction would not be adverse to the public interest.

Furthermore, Petitioner is not entitled to the relief he requests because he is attempting to seek injunctive relief in matters lying outside of the issues of this suit. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.) (per curiam) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."), amended on reh'g, 131 F.3d 950 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998). If Petitioner believes that his federal constitutional rights have been violated because his request to be placed in protective custody was denied and/or he was denied adequate access to the courts, he should raise such claims in a separate case by filing a civil rights complaint in this Court. Therefore, for all of the above-stated reasons, Petitioner's Motion for Preliminary Injunction (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of January, 2013.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 1/2
c:
James M. Mason
Counsel of Record